IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ANTHONY GAY,<br><br>        Plaintiff,<br><br>vs.<br><br>JONATHAN ORTMAN,<br>C/O ANDREW, C/O HART,<br><br>        Defendants. | No. 3:18-cv-50310<br><br>Judge Frederick J. Kapala<br><br>Magistrate Iain D. Johnston |

## **MOTION TO DISMISS**

    Defendant, DR. JONATHAN ORTMAN, by his attorneys, TIMOTHY B. ZOLLINGER and JOHN A. GUZZARDO of WARD, MURRAY, PACE & JOHNSON, P.C., hereby moves, pursuant to Fed. Rule of Civil Procedure 12(b)6 to dismiss Plaintiff's Amended Complaint, against him individually, and in support thereof states as follows:

    1.    Plaintiff filed an original Complaint on September 13, 2018. (Docket #1.) The initial Complaint was dismissed, pursuant to an Order of this Court, on September 17, 2018. (Docket #4.)

    2.    Pursuant to this Court's Order of October 10, 2018, Plaintiff was given thirty (30) days to file an amended complaint. (Docket #7.) Absent such action, the earlier dismissal was to have the effect of a dismissal with prejudice. (Docket #7.) The thirty (30) days expired on November 12, 2018. Plaintiff filed an amended complaint on November 13, 2018. (Docket #8.) No certificate of filing appears in the Court file.

3. In addition, the amended complaint files to state a cause of action. As previously held by this Court in its Order dismissing Plaintiff's original Complaint, to state a claim for a violation of the Eighth Amendment under 42 U.S.C. § 1983, Plaintiff must allege that Dr. Jonathan Ortman was a "state actor." It is insufficient to merely allege a generic "misuse of force" in violation of the Eighth Amendment. (Docket #7.) *See, D.S. v. East Porter County School Corp.*, 799 F.3d 793, 798 (7th Cir. 2015), citing *Buchanan-Moore v. City of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

4. The Amended Complaint alleges that Dr. Ortman is a medical doctor employed by KSB Hospital in Dixon. (Amended Complaint, ¶ 2.) He does not allege that Dr. Ortman or KSB are anything other than a private not-for-profit hospital and private physician. The complaint further alleges that Plaintiff intentionally "cut his leg, embedded foreign objects into his leg, sliced his arm, and put a razor in his eye." (Am. Compl., ¶ 5.) Plaintiff acknowledges that upon admission to KSB hospital, Dr. Ortman attempted to provide care and treatment for Plaintiff's self-inflicted injuries. (Am. Compl., ¶ 10.)

5. The allegations in the Amended Complaint fail to state a claim upon which relief may be granted, because it fails to allege a federal claim. The allegations patently set forth that Plaintiff intentionally caused self-harm, in part by placement of a razor into his eye, and was transferred to KSB Hospital for treatment by officers from the Illinois Department of Corrections. There is no allegation that Dr. Ortman was employed by the Department of Corrections, or was in any way acting under the color of state law. The allegations, as well as any reasonable inferences therefrom, clearly reflect that Dr. Ortman simply attempted to provide medical treatment due to Plaintiff's intentional act of placing a razor in his own eye. Even if Plaintiff asserted a desire to refuse medical treatment, as he alleges, where treatment serves the medical interest of a prisoner as well as the State's legitimate interest in prison safety and security, the State may override a prisoner's choice to refuse medical treatment. *See, Washington v. Harper*, 494 U.S. 210, 222-223 (1990); *Turner v. Safley*, 482 U.S. 78, 89 (1987) (holding that where a prison regulation impinges upon an inmates constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interest); *Russell v. Richards*, 384 F.3d 444, 447 (7th Cir. 2004). As the allegations plainly note that Plaintiff

intentionally placed a razor in his eye, it was reasonable and appropriate for Dr. Ortman, when seeing the Plaintiff at the hospital attempted to provide care and treatment upon the request of officers with the Illinois Department of Corrections. Plaintiff's own allegations clearly reflect that Dr. Ortman was requested to provide medical services, they were not simply initiated on a whim.

6.   Finally, Plaintiff failed to file an amended complaint within the specified thirty (30) days. Filing occurs when delivered to the Clerk. FRCP 5.1(d)(2). Therefore, the initial dismissal automatically became a dismissal with prejudice. As no "Leave of Court" appears to have been granted, based on a review of the docket, the Amended Complaint was untimely and the earlier dismissal presently remains a dismissal with prejudice.

WHEREFORE, Defendant, JONATHAN ORTMAN, respectfully requests that this Court dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted or was untimely filed, that said dismissal be with prejudice, and for such other and further relief as deemed just and fit.

                JONATHAN ORTMAN, Defendant

                WARD, MURRAY, PACE & JOHNSON, P.C.
                His Attorneys

                By _____
                     Timothy B. Zollinger

Timothy B. Zollinger – ARDC#6210502
WARD, MURRAY, PACE & JOHNSON, P.C.
Attorney for Defendant, Jonathan Ortman, M.D.
202 East Fifth Street | P.O. Box 400
Sterling, IL 61081-0400
Telephone: (815) 625-8200
zollinger@wmpj.com

# CERTIFICATE OF SERVICE

      I, Timothy B. Zollinger, an attorney, hereby certify that on Wednesday, March 27, 2019, I electronically filed the foregoing MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system and by depositing the same in a U.S. Post Office Mail Box in Sterling, Illinois, on March 27, 2019, to the following participant:

                  PLAINTIFF
                  Anthony Gay
                  1228 14th Street
                  Rock Island, IL 61201

                  Timothy B. Zollinger, Attorney for Defendant,
                  Jonathan Ortman, M.D.

Timothy B. Zollinger – ARDC#6210502
WARD, MURRAY, PACE & JOHNSON, P.C.
Attorney for Defendant, Jonathan Ortman, M.D.
202 East Fifth Street | P.O. Box 400
Sterling, IL 61081-0400
Telephone: (815) 625-8200
zollinger@wmpj.com