**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| ANTHONY GAY,<br><br>            Plaintiff,<br><br>   VS.<br><br>JONATHAN ORTMAN,<br>C/O ANDREW, C/O HART,<br><br>            Defendants. | No. 3:18-cv-50310<br><br>Judge John Z. Lee<br><br>Magistrate Iain D. Johnston |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6) AND INCORPORATED MEMORANDUM**

Defendants, Leroy Hart and Chad Andrew, by their attorney, Kwame Raoul, Attorney General for the State of Illinois, hereby move, pursuant to Fed. Rule of Civil Procedure 12(b)6 to dismiss Plaintiffs Amended Complaint, and in support thereof state as follows:

**INTRODUCTION**

1.     Plaintiff filed an original Complaint on September 13, 2018. (Docket #1). The initial Complaint was dismissed, pursuant to an Order of this Court, on September 17, 2018. (Docket #4).

2.     Pursuant to this Court's Order of October 10, 2018, Plaintiff was given thirty (30) days to file an amended complaint. (Docket #7). Absent such action, the earlier dismissal was to have the effect of a dismissal with prejudice. (Docket #7). The thirty (30) days expired on November 12, 2018. Plaintiff filed an amended complaint on November 13, 2018. (Docket #8). No certificate of filing appears in the Court file.

3.     Plaintiff's Amended Complaint alleges, *inter alia*, that Defendants Hart and Andrew violated his Eighth Amendment Constitutional rights by restraining him in order to

allow Dr. Jonathan Ortman (co-defendant herein) to treat Plaintiff during circumstances constituting a serious medical emergency—namely, holding Plaintiff down so an emergency room phsyician could attempt to remove a razor blade which Plaintiff had placed/lodged into his own eye. (Docket # 8).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) rests on whether the plaintiff has properly stated a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The pleading is not required to set forth detailed factual allegations, but it does require something more than basic, conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In particular, the pleading must contain allegations that "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible when "the pleaded content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## ARGUMENT

Plaintiff's amended complaint files to state a cause of action. As previously held by this Court in its Order dismissing Plaintiff's original Complaint, to state a claim for a violation of the Eighth Amendment under 42 U.S.C. § 1983, Plaintiff must allege defendant was acting under color of state law or that the Constitution or laws of the United States were violated. (Docket #7).

The Amended Complaint alleges that Defendants Hart and Andrews are correctional officers employed by IDOC at Dixon Correctional Center in Dixon, IL. (Amended Complaint, ¶ 2). The Amended Complaint further alleges that, on July 17, 2018, Plaintiff intentionally "cut his

leg, embedded foreign objects into his leg, sliced his arm, and put a razor in his eye." (Am. Compl., ¶ 5). Thereafter, Defendants Hart and Andrew transported Plaintiff to KSB Hospital. (Am. Compl., ¶ 6). Plaintiff acknowledges that, upon admission, Co-Defendant Dr. Ortman attempted to provide care and treatment for Plaintiff s self-inflicted injuries. (Am. Compl., ¶ 10). However, Plaintiff also alleges that he resisted and refused treatment—both verbally and physically, requiring Defendants Hart and Allen to intervene to restrain Plaintiff so that he could be treated. (Am. Compl., ¶¶ 8 – 12).

Based upon his own allegations, Plaintiff's Amended Complaint patently sets forth that he intentionally caused self-harm, in part by placement of a razor into his eye, and was transferred to KSB Hospital for treatment by officers from the Illinois Department of Corrections. The allegations, as well as any reasonable inferences therefrom, clearly reflect that Defendants Hart and Andrews simply attempted facilitate Co-Defendant Ortman's providing medical treatment due to Plaintiff's intentional act of placing a razor in his own eye—a situation of obvious emergent circumstances. Even if Plaintiff asserted a desire to refuse medical treatment, as he alleges, where treatment serves the medical interest of a prisoner as well as the State's legitimate interest in prison safety and security, the State may override a prisoner's choice to refuse medical treatment. *See, Washington v. Harper,* 494 U.S. 210, 222-223 (1990); *Turner v. Safley,* 482 U.S. 78, 89 (1987) (holding that where a prison regulation impinges upon an inmates constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interest); *Russell v. Richards,* 384 F.3d 444, 447 (7th Cir. 2004). As the allegations plainly note that Plaintiff intentionally placed a razor in his eye, it was reasonable and appropriate for Defendants Hart and Andrews, when seeing the Plaintiff at the hospital resisting Dr. Ortman's attempts to provide care and treatment in

emergency circumstances, to have intervened to protect Plaintiff's health and safety—a clearly legitimate penological interest.

6.    Finally, and in the alternative, Plaintiff failed to file his Amended Complaint within the specified thirty (30) days. (Docket #7). Filing occurs when delivered to the Clerk. FRCP 5.1(d)(2). Therefore, the initial dismissal automatically became a dismissal with prejudice on November 12, 2018. As no "Leave of Court" appears to have been granted, based on a review of the docket, the Amended Complaint, filed on November 13, 2018 (Docket #8), was untimely and the earlier dismissal presently remains a dismissal with prejudice.

## **CONCLUSION**

WHEREFORE, Defendants, Leroy Hart and Chad Andrew, respectfully request that this Court dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted or as untimely filed, that said dismissal be with prejudice, and for such other and further relief as deemed just and fit.

Dated: May 30, 2019                              Respectfully Submitted,

KWAME RAOUL                                      _/s/Nicholas V. Alfonso_
Attorney General of Illinois                     NICHOLAS V. ALFONSO
                                                 Assistant Attorney General
                                                 General Law Bureau
                                                 Office of the Illinois Attorney General
                                                 100 West Randolph Street, 13th Floor
                                                 Chicago, Illinois 60601
                                                 (312) 814-7201
                                                 nalfonso@atg.state.il.us

**CERTIFICATE OF SERVICE**

       I, Nicholas V. Alfonso, an attorney, hereby certify that on Wednesday, May 30, 2019, I electronically filed the foregoing MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system and by depositing the same in a U.S. Post Office Mail Box in Sterling, Illinois, on May 30, 2019, to the following participant:

          PLAINTIFF
          Anthony Gay
          1228 14th Street
          Rock Island, IL 61201

Dated: May 30, 2019          Respectfully Submitted,

KWAME RAOUL            /s/Nicholas V. Alfonso
Attorney General of Illinois       NICHOLAS V. ALFONSO
                        Assistant Attorney General
                        General Law Bureau
                        Office of the Illinois Attorney General
                        100 West Randolph Street, 13th Floor
                        Chicago, Illinois 60601
                        (312) 814-7201
                        nalfonso@atg.state.il.us