**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18 C 50310 |
| | ) | |
| JONATHAN ORTMAN, C/O ANDREW, | ) | Judge John Z. Lee |
| and C/O HART, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Anthony Gay, a former inmate at Dixon Correctional Center ("Dixon"), has filed this *pro se* lawsuit against Officers Chad Andrew and Leroy Hart. Gay accuses Officers Andrew and Hart of using excessive force in violation of the Eighth Amendment and 42 U.S.C. § 1983 (Count I), battery (Count II), and intentional infliction of emotional distress ("IIED") (Count III).[1] Andrew and Hart have moved jointly to dismiss Counts II and III [53]. For the reasons below, the motion is granted in part and denied in part.

## I.      Background[2]

One day while he was incarcerated at Dixon, Gay gained access to a razor blade, cut open his leg, sliced his arm, and then inserted the blade into his eye. 2d

---

[1]      Gay also brings claims against Doctor Jonathan Ortman, who has submitted his own motion to dismiss. *See* Ortman Mot. Dismiss, ECF No. 68. The Court will address that motion in a separate order.

[2]      On a motion to dismiss, the court "accept[s] as true all well-pleaded factual allegations and draw[s] all reasonable inferences in favor of the plaintiff." *Heredia v. Capital Mgmt. Servs., L.P.*, 942 F.3d 811, 814 (7th Cir. 2019).

Am. Compl. ¶ 5, ECF No. 50. Officers Andrew and Hart then transported Gay to KSB Hospital, a private medical facility. *Id.* ¶¶ 2, 6.

Not long after they arrived, Doctor Jonathan Ortman began examining Gay while Andrew and Hart waited nearby. *Id.* ¶¶ 8–9. When Ortman attempted to touch the injured eye, however, Gay objected and asked to see an eye specialist. *Id.* Nonetheless, Ortman continued to try to remove the razor. *Id.* Gay resisted by "repeatedly" moving his head away from Ortman. *Id.* ¶¶ 9–10.

Frustrated, Ortman directed Andrew and Hart to restrain Gay. *Id.* Hart grabbed Gay, Andrew put his hands around Gay's neck, and Ortman slapped him, hurting Gay's eye. *Id.* ¶ 12. *Id.* ¶ 13. As Gay struggled to escape, Andrew started choking him. *Id.* ¶ 14. That prompted Gay to "thrash[ ] and yell[ ]," at which point Defendants released him. *Id.* ¶ 16. Gay then filed suit.

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering motions to dismiss, the court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). And Courts construe *pro se* complaints liberally. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (per curiam). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III. Analysis

Andrew and Hart raise two arguments in favor of dismissal. Their main contention is that sovereign immunity forecloses Gay's state-law claims. In the alternative, they submit that Gay has failed to adequately plead his IIED claim.[3] The Court rejects the first argument, but agrees with the second.

## A. Sovereign Immunity

The officers first argue that sovereign immunity shields them from Gay's battery and IIED claims. Under the State Lawsuit Immunity Act, "Illinois shall not be made a defendant or party in any court." 745 Ill. Comp. Stat. 5/1. And while "a state employee's sovereign-immunity defense does not impact a federal court's jurisdiction," it does create a defense to state-law claims filed in federal court. *Rodriguez v. Cook Cty.*, 664 F.3d 627, 632 (7th Cir. 2011). A plaintiff cannot evade this defense "by making an action nominally against the servants or agents of the State when the real claim is against the State of Illinois itself." *Murphy v. Smith*, 844 F.3d 653, 658 (7th Cir. 2016), *aff'd*, 138 S. Ct. 784 (2018) (cleaned up).

---

[3] At this stage, Andrews and Hart do not argue that Gay's Eighth Amendment claim should be dismissed. *Cf.* 1/10/2020 Order at 4, ECF No. 46 (rejecting the officers' previous motion to dismiss Gay's excessive force claim).

As Andrews and Hart would have it, Gay's state-law claims in effect target Illinois itself, not them, and so must be dismissed. When a "plaintiff alleges that state officials or employees violated statutory or constitutional law," however, "[s]overeign immunity affords no protection" under Illinois law. *Id.* at 659 (citing *Healy v. Vaupel*, 549 N.E.2d 1240, 1247 (Ill. 1990)). Rather, as the Illinois Supreme Court has explained, "an action of a state officer [that] is undertaken without legal authority . . . strips [the] State officer of his official status," such that "his conduct is not then regarded as the conduct of the state." *PHL, Inc. v. Pullman Bank & Trust Co.*, 836 N.E.2d 351, 357 (Ill. 2005); *see Healy v. Vaupel*, 549 N.E.2d 1240, 1247 (Ill. 1990).

While a similar exception to sovereign immunity exists under federal law, the crucial distinction here is that, under Illinois law, it "also allows suits for damages." *Murphy*, 844 F.3d at 659 n.2. This exception thus "distinguishes Illinois's sovereign immunity rule from federal law immunity doctrines," *id.* at 659, which allow suits only "for prospective relief to enjoin ongoing violations of federal law," *MCI Telecomms. Corp. v. Ill. Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir. 2000); *cf. Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (discussing the federal doctrine).

What is more, this exception applies so long as the same alleged conduct underlies both the constitutional claims and the state tort claims. *See, e.g., Ellis v. Pfister*, No. 16-cv-9449, 2017 WL 1436967, at *5 (N.D. Ill. Apr. 24, 2017) ("Because Plaintiff has plausibly alleged constitutional violations against all Defendants, Defendants are not protected [from the state-law claims] by Illinois' sovereign

4

immunity principles."); *Liebich v. Hardy*, No. 11-cv-5624, 2013 WL 4476132, at \*11 (N.D. Ill. Aug. 19, 2013) ("The court must determine whether the exception applies by analyzing whether the state law claims at issue are dependent on the alleged constitutional violation."). After all, sovereign immunity "affords no protection" where Illinois officials are alleged to have "violated . . . constitutional law." *Murphy*, 844 F.3d at 659.

A straightforward application of Illinois's exception leads to the conclusion that sovereign immunity does not defeat Gay's battery and IIED claims. That is so because the officers' challenged efforts to restrain Gay provide the factual basis for all of his claims, including his Eighth Amendment claim. Because Gay's state-law claims thus "depend[] on the alleged constitutional violation," sovereign immunity does not apply in this case. *Liebich*, 2013 WL 4476132, at \*11.

## B. Failure to State an IIED Claim

The remaining question is whether the complaint plausibly alleges a state IIED claim. To prevail under Illinois law, an IIED claimant must show "(1) that the defendants' conduct was extreme and outrageous; (2) that they intended their conduct to inflict severe emotional distress or knew there was at least a high probability their conduct would inflict such distress; and (3) that their conduct did in fact cause him severe emotional distress." *Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The officers argue that Gay has failed to allege these elements. For his part, Gay provides no response and, as such, has waived this claim. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

Waiver aside, Gay's IIED claim also fails on the merits. It is well established that "[n]ot every battery will satisfy the extreme and outrageous element for an intentional infliction of emotional distress claim." *Whitney v. Ne. Ill. Reg'l Commuter R.R. Corp.*, No. 15-cv-2166, 2019 WL 218801, at *9 (N.D. Ill. Jan. 16, 2019). To the contrary, that element is met only when "the force used . . . [is] very extreme or cause[s] very severe physical injury." *DuFour-Dowell v. Cogger*, 969 F. Supp. 1107, 1123 (N.D. Ill. 1997).

The officers' conduct, even as alleged by Gay, falls short of that high bar. According to the complaint, Gay inserted a razor in his own eye, was rushed to the hospital, and then vigorously shook his head to avoid medical treatment. In light of Gay's alarming condition, Doctor Ortman, the only medical profession in the room, directed the officers to restrain Gay so that he could treat Gay's injury. Faced with the serious and imminent risk to Gay's health, Andrews and Hart complied. And, although Gay asserts that the officers caused him some additional pain, he does not describe it as particularly severe or persistent. Under these circumstances, the Court concludes that the officers' conduct was not "so extreme as to go beyond all possible bounds of decency and to be regarded as intolerable in a civilized community." *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 83 (Ill. 2003).[4]

Accordingly, Gay's IIED claim against Andrew and Hart must be dismissed. Because the Court has given Gay two chances to revise his pleadings, the Court finds

---

[4] The officers also question whether Gay has plausibly alleged the second and third elements. Having determined that the first element is absent, the Court need not reach these alternative arguments.

6

that any additional amendment would be futile, and thus dismisses these claims with prejudice. *See Arnold v. Circuit Court of Cook Cty.*, 741 Fed. App'x 337, 338 (7th Cir. 2018).

## IV.     Conclusion

For the reasons above, the Defendants' motion to dismiss is granted in part and denied in part. Count III is dismissed with prejudice as to Andrew and Hart. In all other respects, the motion is denied.

**IT IS SO ORDERED.**                    **ENTERED:  9/18/20**

                                             **JOHN Z. LEE**
                                             **United States District Judge**