IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Anthony Gay,<br><br>        Plaintiff,<br><br>   v.<br><br>Jonathan Ortman, Chad Andrew, and Leroy Hart,<br><br>        Defendants. | Case No. 3:18-cv-50310<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anthony Gay was an inmate at Dixon Correctional Center. For reasons not included in his complaint, Gay cut his own leg, sliced his arm, and put a razor blade into his own eye.[1] Dkt. 50, ¶ 5. Naturally, he needed medical care. To that end, defendant correctional officers Chad Andrew and Leroy Hart transported Gay to KSB hospital in Dixon, Illinois. *Id.* ¶ 6. On arriving at the hospital, they were met by defendant Dr. Jonathan Ortman. *See id.* ¶ 7. Gay told Dr. Ortman about his injuries but explained that he did not want anyone other than an eye specialist to examine his eye. *Id.* ¶¶ 7–8.

Contrary to Gay's wishes, Dr. Ortman examined Gay's eye. *Id.* ¶ 9. Gay "moved his face repeatedly to prevent" Dr. Ortman from examining his eye. *Id.* Undeterred by Gay's refusal to be treated, Dr. Ortman allegedly told Hart and Andrew to hold Gay down so that Dr. Ortman could examine the eye. *Id.* ¶ 11. Hart

---

[1] The facts as stated in this order are taken from Plaintiff Anthony Gay's second amended complaint and are accepted as true for the purposes of the instant motion to dismiss only. Dkt. 50.

1

and Andrew complied. Hart grabbed Gay. Andrew put his hands around Gay's neck. Dr. Ortman slapped Gay and then tried to forcibly examine Gay's eye. *Id.* ¶ 12. This made Gay's eye hurt worse, and Gay then attempted to get away. *Id.* ¶ 13. Officer Andrew then allegedly started choking Gay and Dr. Ortman "continued to grip [Gay's] eye causing [Gay's] eye to seriously hurt." *Id.* ¶ 14.

Gay then "started thrashing and yelling that he has a right to refuse medical treatment." *Id.* ¶ 18. The Defendants then let him go and a nurse intervened to calm Gay down. *Id.* ¶ 19. Gay then instituted this action against Officers Hart and Andrew and Dr. Ortman, claiming misuse of force in violation of the Eighth Amendment, battery, and intentional infliction of emotional distress. Notably, Gay alleges that Dr. Ortman, along with the other medical professionals at KSB hospital, are under contract to provide medical services to inmates at Dixon Correctional Center. *Id.* ¶ 2.[2]

## I. Analysis

Dr. Ortman has now moved the Court to dismiss Gay's claims against him for what appears to be three reasons:[3] (1) because Gay missed the deadline by one day to file his second amended complaint, the original dismissal was transformed into a dismissal with prejudice; (2) Gay has not sufficiently alleged that Dr. Ortman was a

---

[2] Again, before the Court is a motion to dismiss under Rule 12(b)(6). The Court fully expects discovery will develop facts that cast the circumstances in a very different light. But, at this point, the Court is required to accept the allegations as true and facts outside the pleadings cannot be introduced without converting the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d).

[3] The Court uses the word "appears" because Ortman's arguments are not well developed or organized. In an effort to be as fair as possible, the Court has attempted to gleaned from the motion all arguments reasonably present.

2

state actor; and (3) Gay has otherwise failed to state a claim under the Eighth Amendment. Dkt. 68.

To defeat a motion to dismiss, the plaintiff must have alleged facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This means that a plaintiff's well-pleaded factual allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 622, 678 (2009). The Court accepts as true all of the plaintiff's well-pleaded allegations and views them in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019).

**A. Missed deadline to amend**

First, Dr. Ortman moves to dismiss based on Gay's filing of an amended complaint without leave of the Court. Dkt. 68, ¶ 6. On January 10, 2020, the Court granted Dr. Ortman's then-pending motion to dismiss. Dkt. 46. Gay then filed a motion to amend and argued that Dr. Ortman was under contract with Dixon Correctional. Dkt. 47, ¶ 4. The Court denied that motion—noting that this allegation had not been made in Gay's amended complaint. The Court instructed Gay to file a motion for leave to amend if he wished to add allegations. Dkt. 48. On February 12, 2020, Gay filed the amended complaint at issue without requesting leave of the Court. Dkt. 50. This time—though without permission—Gay alleged that Dr. Ortman was a "contract employee with [the] Illinois Department of

3

Corrections." Dkt. 50, ¶ 2. On May 27, 2020, Dr. Ortman filed the instant motion to dismiss.

Because Gay is litigating this case pro se, the Court will give him some leeway here and treat his filing of a second amended complaint (one day late) as a request for leave to file such a complaint. The Court grants that request and accepts Gay's second amended complaint. Everyone involved in prison litigation understands that substantial delays can occur in sending and receiving filings from inmates. The Court recognizes that it can be a stickler on deadlines. *McCann v. Cullinan*, No. 11 CV 50125, 2015 U.S. Dist. LEXIS 91362 (N.D. Ill. July 14, 2015). But it strives to be reasonable. *See Crue v. Aiken*, 370 F.3d 668, 680-81 (7th Cir. 2004) (rejecting argument that district court abused its discretion by considering a fee petition filed one day late).

### B. State Action

Next, Dr. Ortman argues that Gay has failed to sufficiently allege that Dr. Ortman acted as a state actor, such that the Eighth Amendment would apply to his actions. He contends that "[t]here is no allegation that Dr. Ortman was employed by the Department of Corrections, or was in any way acting under the color of state law." *Id*.

Though his allegations are not detailed, Gay alleges a contractual relationship, which could—under the right circumstances—transform an otherwise private actor into one clothed in state authority. *See West v. Atkins*, 487 U.S. 42, 56 (1988) ("Contracting out prison medical care does not relieve the State of its

4

constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eight Amendment rights."); *see also Lemoine v. New Horizons Ranch & Ctr.*, 990 F. Supp. 498 (N.D. Tex. 1998). Thus, Gay has sufficiently alleged that Dr. Ortman acted as a state actor because of an alleged contract to provide inmates with medical care.

Gay also alleges that Dr. Ortman and the defendant correctional officers Hart and Andrew jointly violated his rights under the Eighth Amendment. Dkt. 50, ¶ 12 (alleging that defendants "act[ed] as a unit to conspire to violate plaintiff's Eighth Amendment rights"). Although not required, this allegation provides further support for Gay's claim, and the allegation is sufficient to defeat Dr. Ortman's argument to the contrary. As the Seventh Circuit noted in *Malak v. Associated Physicians, Inc.*, "A private defendant acts 'under color of' state law for purposes of Section 1983 when he is 'a willful participant in joint action with the State or its agents." 784 F.2d 277, 281 (7th Cir. 1986) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

### C. Failure to state a claim

Third, Dr. Ortman's motion to dismiss could be construed as arguing that Gay has otherwise failed to sufficient allege excessive force—that Dr. Ortman's actions were warranted. But Dr. Ortman's argument is cursory at best. He does not develop the argument and leaves the Court searching for what his argument actually is. That is not enough to prevent Gay from reaching discovery. As the Seventh Circuit explain in *Crespo v. Colvin,* "perfunctory and undeveloped

5

arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." 824 F.3d 667, 674 (7th Cir. 2016) (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)).

\* \* \*

For the reasons explained above, Dr. Ortman's motion to dismiss [68] is denied.

Date: February 8, 2021

                                             Honorable Iain D. Johnston
                                             United States District Judge
                                             Northern District of Illinois
                                             Western Division