IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Anthony Gay, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 C 50310 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Jonathan Ortman, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff's motion for sanctions [180], is denied.

**STATEMENT/OPINION**

Plaintiff Anthony Gay ("Plaintiff"), a former inmate at Dixon Correctional Center ("Dixon"), alleges in his amended complaint that on July 17, 2018, IDOC Defendants Andrew and Hart ("IDOC Defendants" or "Defendants") transported Plaintiff to KSB Hospital following injuries he sustained after he cut his leg, embedded foreign objects in his leg, sliced his arm, and put a razor in his eye. *See* [50]. Plaintiff alleges Defendants injured him at the hospital by grabbing, slapping, and choking him. *Id.* On March 3, 2021, Plaintiff filed a motion to compel discovery [109]. Specifically, Plaintiff requested (relevantly) that Defendants Andrew and Hart provide him with copies of incident reports relating to him from his place of incarceration from January 1, 2018, through September 1, 2018. *Id.* He argued he needs these incident reports to show that he went to KSB Hospital on three prior occasions, he had a right to refuse medical treatment on the date in question, and these reports will assist him in identifying witnesses. *Id.* Defendants responded to the motion, arguing that the request was unduly burdensome because incident reports are categorized by date, not by incident [115]. On March 31, 2021, the Court granted in part and denied in part Plaintiff's motion [117]. The Court granted Plaintiff's request as to any and all incident reports relating to him from the date of the incident alleged in the complaint (July 17, 2018), but otherwise denied his request for incident reports from the desired time frame. *Id.* Following a motion for reconsideration filed by Plaintiff [121], the Court agreed with Plaintiff that he should be entitled to all incident reports from July 18, 2018, as well as July 17, 2018, and ordered Defendants to produce to Plaintiff any and all incident reports from July 17, 2018, and July 18, 2018 [145].

On June 25, 2021, Plaintiff filed a motion to compel complaining, in part, that IDOC Defendants had yet to disclose any reports from July 18, 2018, as directed by the Court [157]. At a status conference held on June 28, 2021, the Court denied Plaintiff's motion to compel based on representations from IDOC counsel that all available documents had been disclosed to Plaintiff in response to his discovery requests, specifically, that no July 18, 2018, incident reports existed.

On November 23, 2021, Plaintiff filed a motion for sanctions [180]. Plaintiff attached three incident reports dated July 18, 2018, to his motion – one report addressed follow-up at Dixon from Plaintiff's trip to the hospital regarding the incident relating to his eye injury. The two other incident reports from July 18, 2018, concerned injuries to his leg. The IDOC Defendants responded to Plaintiff's motion for sanctions on December 24, 2021 [190], and Plaintiff replied to the response on January 3, 2022 [191]. The motion is now before the Court.

In his motion for sanctions, Plaintiff argues IDOC Defendants' counsel "intentionally lied to this court and said that no incident reports existed for July 18, 2018." At the June 28, 2021, hearing, counsel for IDOC Defendants represented to the Court that no July 18, 2018, reports were disclosed to Plaintiff because they "don't exist." It is now known that IDOC incident reports regarding Plaintiff (from that date) do exist. Defendants' response includes an affidavit from Dixon's litigation coordinator, Michelle Geerts. In her affidavit, Ms. Geerts attests that she was contacted twice by counsel requesting a search for incident reports regarding Plaintiff from July 17 and July 18, 2018. According to Ms. Geerts, incident reports are stored according to the date they are drafted, therefore, the search conducted was originally limited to July 17 and July 18, 2018. As noted, only incident reports from July 17, 2018, were located and disclosed to Plaintiff. However, after Plaintiff filed his motion for sanctions, including an attachment of three incident reports from July 18, 2018, Ms. Geerts asked her staff to search incident reports from the entire month of July 2018. That search revealed the three incident reports from July 18, 2018 – misfiled on the incorrect date.

Federal Rule of Civil Procedure 37(a)(3)(A) provides "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." The Rule further provides for sanctions if a party has failed to obey a court order or failed to disclose or supplement discovery requests. Fed. R. Civ. P. 37(b), (c). A court may impose discovery sanctions "where a party displays willfulness, bad faith, or fault." *Scott v. Chuhak & Tescon, P.C.*, 725 F.3d 772, 778 (7th Cir. 2013). Also, any sanction chosen must be "proportionate to the infraction." *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001).

Here, the facts reveal that upon the Court's order, counsel for Defendants contacted the facility to obtain the incident reports available. Counsel discussed the matter with the Dixon litigation coordinator on two occasions and was advised that their records showed no incident reports for Plaintiff on July 18, 2018. After Ms. Geerts was told that Plaintiff, in fact, provided three incident reports from that date, she directed her staff to conduct a search of the entire month of July 2018. In that search, the three reports were discovered – filed under the wrong date. The

Court finds this discovery error to be clerical in nature. The Court does not categorize this error as "willful" or in "bad faith." To the degree "fault" has been demonstrated by IDOC Defendants, the Court does not find that this human error would rise to level of sanction imposition. Plaintiff's suggestion that the Court hold a hearing to allow him to inquire of Ms. Geerts about which reports were located and on what date they were found, is not required, and would have no probative value to this litigation. The Court finds sufficient that Dixon's litigation department searched records for the entire month of July 2018 to locate the July 18, 2018, reports. According to her affidavit, the incident reports Plaintiff has attached to his motion are the same reports that were eventually located through their more thorough search. The Court finds any action beyond what has already been done would be unnecessary.

For the foregoing reasons, Plaintiff's motion for sanctions [180], is denied.

Date: 01/20/2022  ENTER:

_Margaret J. Schneider_
United States Magistrate Judge