IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Anthony Gay, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 50310 |
| v. | ) | |
| | ) | Hon. Iain D. Johnston |
| Jonathan Ortman, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff's Rule 60 motion for relief from judgment [225] is denied. This remains a closed case.

### STATEMENT

Plaintiff Anthony Gay sued Defendants under 42 U.S.C. § 1983 for claims stemming from his 2018 emergency room visit while he was incarcerated at Dixon Correctional Center. The Court granted summary judgment in favor of all Defendants and terminated this action. (Dkts. 220, 221.) Relying on Federal Rule of Civil Procedure 60(b)(6), Plaintiff moves for relief from the Court's entry of summary judgment. (Dkt. 225.)

Rule 60(b)(6) affords relief from judgment for "any other reason that justifies relief"—a reason that is not mentioned in Rule 60(b)(1)–(5).[1] Whether a district court relieves a party from judgment is left to the court's wide discretion but only when a plaintiff shows "extraordinary circumstances" that "justify upsetting a final decision." *Choice Hotels Intern., Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015), citing *Gonzalez v. Crosby*, 545 U.S. 524, 535–38 (2005). There is no hard and fast rule whether extraordinary circumstances exist, but courts may consider "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 580 U.S. 100, 123 (2017), quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988). As the Seventh Circuit conveys, though, "extraordinary circumstances will exist only rarely." *Ramirez v. U.S.*, 799 F.3d 845, 851 (7th Cir. 2015).

This case is not one of those rare occasions where Plaintiff has shown extraordinary circumstances exist to upset the final judgment. Plaintiff contends that his federal criminal

---

[1] The other five reasons that permit Rule 60(b) relief from judgment are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. Liberally construing Plaintiff's motion, excusable neglect may apply here, but that argument is also meritless.

prosecution, *U.S. v. Gay*, Case No. 20 CR 40026 (C.D. Ill.), and conditions of confinement prevented him from responding to Defendants' motion for summary judgment. (Dkt. 225 at ¶¶ 5, 10.) Between April 28 and May 16, 2022, Plaintiff was proceeding *pro se* in his criminal prosecution and "engaged in intensive motion practice," "filing 20 different" legal documents on his own. (*Id.* at ¶ 5.) Plaintiff was held in "solitary confinement, crisis watch, or suicide watch" for almost seven months until December 2022. (*Id.* at ¶ 8.) This, he explains, made it "impossible" to respond to Defendants' motion for summary judgment. (*Id.* at ¶ 10.) Yet, what Plaintiff just described is anything but extraordinary; it is routine prisoner-filed litigation where a prisoner is defending against a criminal prosecution (with or without counsel) and litigating an unrelated civil rights action (that he initiated) *pro se* stemming from a period of incarceration.

The docket and timing of Plaintiff's recent activity, instead, reveals "outright and consistent disregard of [the] court's scheduling orders [that] can only be classified as inexcusable inattentiveness or neglect, rather than excusable carelessness." *Cato v. Thompson*, 118 Fed. App'x 93, 97 (7th Cir. 2004) (cleaned up); *cf.* Fed. R. Civ. P. 60(b)(1) (permitting relief from judgment based on excusable neglect). On May 19, 2022, the Court entered a summary judgment briefing schedule, ordering Plaintiff to respond by July 21, 2022. (Dkt. 206.) Three months later, and after Defendants moved for summary judgment, the Court (*sua sponte*) extended Plaintiff's response deadline despite his failure to respond or otherwise file a motion with the Court. (Dkt. 219.) He now had until September 16, 2022, to respond. (*Id.*) Still, Plaintiff remained silent. And so, five months after the Court entered its initial briefing schedule, it granted Defendants' summary judgment and closed the case without Plaintiff's response. (Dkts. 220, 221.)

Tellingly, on or around Plaintiff's September 16 response deadline, he somehow communicated with a pro bono legal counsel (who did not represent Plaintiff) about the impending deadline. (Dkt. 225 at p. 6.) Rather than file a motion with the Court, as Plaintiff has shown he is more than capable of doing in this case (most recently after this case was closed, *see* Dkts. 222, 225) and in his criminal case, he chose outright disregard of the Court's orders. Intentional silence, he thought, was the best strategy—that it was not.

Because Plaintiff has failed to meet his burden showing extraordinary circumstances, relief under Rule 60(b)(6) would serve only to undermine the finality of the Court's summary judgment order. Plaintiff's Rule 60 motion is denied. The Court will not reopen this case.

Date:   January 19, 2023          By:   _____
                                         Iain D. Johnston
                                         United States District Judge

2